1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,

11            Plaintiff,              No. CIV S-07-1405 WBS EFB

        vs.
12

13   REAL PROPERTY LOCATED AT
     80 COON CREEK ROAD, COON
14   CREEK ROAD, BURNT RANCH,         FINDINGS & RECOMMENDATIONS
     CALIFORNIA,
15
            Defendant.
16   _____/

17        Previously pending on this court's law and motion calendar for November 5, 2008, was

18   plaintiff's *ex parte* motion for entry of default judgment pursuant to E.D. Cal. L.R. A-540(d).

19   This is a civil forfeiture action against real property located at 80 Coon Creek Road, in Trinity

20   County, California, APN: 008-770-11-000 (also known as Lot 0-21), including all appurtenances

21   and improvements thereto (hereafter referred to as "defendant real property").[1]  Plaintiff United

22   _____

23        [1]  Defendant real property is more fully described as follows:

24                 Lot 21, Block 0 of Trinity Village Subdivision as
                   Shown on the Map Thereof Filed for Record in the
25                 Office of the County Recorder of Trinity County,
                   California on May 18, 1964 in Book 3 of Maps and
26                 Surveys Pages 165-172.

1

States of America ("Government") seeks default judgment against the interests of Ronald Dale

Nortrup and Jeanne Bass Nortrup, previously husband and wife, and the record title owners of

defendant real property as joint tenants.  Plaintiff seeks entry of a Final Judgment of Forfeiture

that vests in the Government all right, title, and interest in defendant real property, subject to the

interest of lienholder Roy L. Gazaway.

      This case was referred to the undersigned pursuant to Local Rule 72-302(c)(19) and 28

U.S.C. § 636(b)(1).  Assistant United States Attorney Kristin S. Door appeared at the hearing on

behalf of plaintiff United States, and lienholder Roy L. Gazaway has appeared pursuant to the

stipulation he entered with plaintiff.  Neither Ronald Dale Nortrup and Jeanne Bass Nortrup

appeared at the hearing.

      Upon review of the motion, supporting documents, and the oral arguments of plaintiff

and lienholder, and good cause appearing, the court now issues the following findings and

recommendations.

BACKGROUND

      This case is proceeding on the Verified Complaint for Forfeiture in Rem ("complaint")

filed July 13, 2007.  The complaint makes the following factual allegations:

§ 5.  On or about March 20, 2007, Sergeant Grossman with the Trinity County Sheriff's
Department Narcotic Task Force was contacted by members of the Drug Enforcement
Administration ("DEA") assigned to work drug and parcel interdiction at the Minneapolis - St.
Paul International Airport in Minnesota.  A drug-detection dog had alerted to a package
addressed to Ron Nortrup, Lot 0-21 Coon Creek Road in Burnt Ranch, California.

§ 6. On or about March 21, 2007, a search warrant was served on the parcel in Minnesota.
Inside the parcel, law enforcement officers found a Honeywell safe containing more than
$40,000.00 in U.S. Currency.  Interviews with the persons who attempted to ship the package
stated that the currency was payment to Ron Nortrup for the last ten pounds, of the 15 to 20
pounds, of marijuana Nortrup had shipped and/or delivered to Minnesota.

§ 7. On or about March 22, 2007, officers with the Trinity County Sheriff's Department executed
a search warrant at the defendant real property.  Officers seized the following items from inside
the residence:  approximately 30 pounds of high quality marijuana bud manicured and packaged;
pay/owe sheets and inventory; plant yield records; concentrated cannabis; cocaine; an indoor

Ver. Compl., at 2.

marijuana grow with approximately 15 growing plants; a large pile of marijuana stalks from the 2006 outdoor cultivation season; approximately $3,573.00 in U.S. Currency; two Honeywell safes; and evidence of marijuana being dried in several of the outbuildings on the defendant real property.

Ver. Compl., at 2-3.

The complaint alleges that defendant real property was used or intended to be used, to commit or to facilitate the commission of, a violation of 21 U.S.C. §§ 841, *et seq.* (prohibiting the manufacture, distribution, dispensing or possessing of a controlled or counterfeit substance), an offense punishable by more than one year's imprisonment, and therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7).[2]

The U.S. Marshals Service posted defendant property with the verified complaint and notice of complaint on July 25, 2007. Declaration of FSA Supervisory Paralegal Sherri Swanson in Support of Ex Parte Motion for Default Judgment ("Swanson Decl."), § 23; Docket ("Dckt.") No. 4. On July 18, 2007, the Government recorded a Lis Pendens (Notice of Pending Action) against defendant real property with the Trinity County Recorder. *See* Dckt. No. 5.

On July 25, 2007, the U.S. Marshals Service attempted unsuccessfully to personally serve the complaint and related documents upon the Nortrups at defendant real property. *See* Swanson Decl., §§ 3, 11, and Exhibit ("Exh,") A. Personal service upon the Nortrups was again attempted on August 9 and 15, 2007; the documents were left at the residence on August 15, 2007. *Id.*, §§ 4, 12, Exh. A, H. On August 23, 2007, copies of the complaint and related documents were sent by certified mail to the Nortrups to their respective postal boxes. After three attempts at notice, the certified mail envelope addressed to Ronald Nortrup was returned as "unclaimed.*"* *Id.*, § 5, Exh. B. A Return Receipt was signed by Jeanne Nortrup and returned on August 29,

---

[2] 21 U.S.C. § 881(a)(7) provides for the forfeiture of "All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment."

2007.  *Id.*, § 13, Exh. I.

On September 13, 2007, after learning that Ronald Nortrup was in custody at High Desert State Prison, the Government sent by certified mail the verified complaint and related documents to the prison c/o Ronald D. Nortrup.  The Return Receipt was signed by J. Spencer on September 15, 2007.  *Id.*, § 6, Exh. C.  Further notice was provided Ronald Nortrup's criminal defense attorney, Ben Okin, on September 13, 2007, the Return Receipt signed on September 17, 2008. *Id.*, § 7, Exh. D.  Ronald Nortrup sent a letter to the U.S. Attorney's Office on September 21, 2007, expressing, *inter alia*, his interest in being present in any civil forfeiture proceeding.  *Id.*, § 8, Exh. E.  On November 30, 3007, Assistant U.S. Attorney Kristin Door wrote a letter to Mr. Nortrup explaining the procedure for contesting this civil forfeiture action, and instructing him to file a claim and answer by the close of business December 17, 2007.  *Id.*, § 9, Exh. F.  On December 13, 2007, the Government received a letter from Mr. Nortrup in which he stated that he would not contest the forfeiture of defendant real property.  *Id.*, § 10, Exh. G.

From August 30 to November 30, 2007, Jeanne Nortrup had various communications with the U.S. Attorney's Office, including informing the Government that she and Ronald Nortrup had divorced and she had quitclaimed defendant property to him.  *Id.*, §§ 14-19.  Despite being informed of her right to file a claim to defendant real property and answer the complaint, Jeanne Nortrup did neither.  *Id.*

The Government's review of Trinity County records demonstrates that on April 26, 2007, Jeanne Nortrup sold defendant real property to Ronald Nortrup, and a quitclaim deed was recorded on June 14, 2007.  *Id.*, § 20, Exh. J.  On July 16, 2007, copies of the complaint and related documents were sent by certified mail to potential lienholders Godfather Bail Bonds, Inc., and Linda L. and Roy L. Gazaway, former owners of defendant real property.  *Id.*, § 21, Exh. K.  On August 27, 2007, Roy L. Gazaway filed a verified claim to defendant real property, pursuant to a deed of trust, and subject to a quitclaim deed filed by Linda Gazaway. *Id.*, § 21; *see also,* Dckt. No. 7. On May 9, 2008, Roy Gazaway filed a verified answer to the complaint.  *Id.*, §

4

1    21; Dckt. No. 21.

2     Pursuant to order of this court filed July 17, 2007, notice of this action was published on

3    August 15, 22, 29 and September 5, 2007, in the *Trinity Journal*, a newspaper of general

4    circulation in the county in which defendant real property is located, as required by Rule G (4) of

5    the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions.  *Id*.,

6    § 24; Dckt. Nos. 3 (Order) and 12 (Affidavit of Publication filed Sept. 26, 2007).

7     To date, no claim or answer has been filed by, or on behalf of, Ronald or Jeanne Nortrup,

8    as required by Rule G (5) of the Supplemental Rules of Admiralty or Maritime Claims and Asset

9    Forfeiture Actions, to contest this action.  Swanson Decl., § 22.

10    On December 13, 2007, at the Government's request, the Clerk of Court entered default

11   as to Jeanne Nortrup, pursuant to Fed. R. Civ. P. 55(a) .  *See* Dckt. No. 16.  On January 15, 2008,

12   at the Government's request, the Clerk of Court entered default as to Ronald Nortrup, pursuant

13   to Fed. R. Civ. P. 55(a).  *See* Dckt. No. 18.

14    On September 12, 2008, the Government and lienholder Roy Gazaway filed a

15   "Stipulation for Final Judgment of Forfeiture," which provides, *inter alia*, for the appraisal and

16   sale of defendant real property, and application of the proceeds to satisfy all indebtedness to Mr.

17   Gazaway, and to pay all costs, fees and taxes on defendant property.  Net proceeds shall

18   thereafter accrue to the United States.  Alternate provisions are made in the event it is

19   determined that selling defendant property will not provide sufficient funds to fully compensate

20   Mr. Gazaway.  *See* Dckt. No. 22.

21   <u>LEGAL STANDARDS</u>

22    "The Due Process Clause of the Fifth Amendment guarantees that '[n]o person shall . . .

23   be deprived of life, liberty, or property, without due process of law.'  Our precedents establish

24   the general rule that individuals must receive notice and an opportunity to be heard before the

25   Government deprives them of property."  *United States v. James Daniel Good Real Property*,

26   510 U.S. 43, 48 (1993).  Due process is satisfied when the Government complies with the notice

1    requirements set forth by statute, and in the federal and local rules of procedure.

2           Civil forfeitures of real property are governed generally by 18 U.S.C. § 985.  Forfeiture

3    actions *in rem* arising from a federal statute are governed by the Federal Rules of Civil

4    Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions

5    ("Supplemental Rule" or "Supp. Rule").  *United States v. Real Property*, 135 F.3d 1312, 1315

6    (9th Cir. 1998); *see* Supp. Rule A(1)(B), and Supp. Rule G (setting forth specific procedural and

7    notice requirements).  These rules are reflected in the Local Admiralty and In Rem Rules for the

8    U.S. District Court for the Eastern District of California ("Local Rule"), which govern all *in rem*

9    proceedings filed in this court.  *See* Local Rule A-500.  Local Rule A-540 sets forth the

10   procedures for obtaining default judgment in an action *in rem.*

11   DISCUSSION

12          Local Rule A-540(d) provides for an *ex parte* hearing and entry of default judgment,

13   without further notice, at any time after the time for answer has expired, provided due notice of

14   the action has been given and no one has appeared to claim the property and give security

15   thereof.  The Government has demonstrated compliance with these requirements, subject to the

16   rights of the lienholder in defendant property.

17          A.  Notice

18                 1.  Posted Notice on Defendant Real Property

19          Local Rule A-540(a) sets forth the requirements for achieving due notice of an action *in*

20   *rem* commencing upon the "arrest" of the property.  However, Congress no longer requires the

21   issuance and service of a warrant of arrest *in rem*.  Rather, the Government may initiate a civil

22   forfeiture action against real property by filing a verified complaint, posting notice of the

23   complaint on the property, and serving notice on the property owner.  18 U.S.C. § 985(c)(1)(B)

24   ////

25   ////

26   ////

("The Government shall initiate a civil forfeiture action against real property by . . . (B) posting a notice of the complaint on the property");[3] *see also*, Supp. Rule G(2) (requirements of the complaint).

Plaintiff United States posted notice of the instant complaint on defendant real property on July 25, 2007.

### 2. Published Notice

Supplemental Rule G(4)(a)(iv)(A) provides that the requisite notice of the forfeiture action may be met by timely publication in a newspaper of general circulation in the district where the property was seized, once a week for three consecutive weeks.

Pursuant to order of this court filed July 17, 2007, the Government published notice of this action in the *Trinity Journal* for four successive weeks, on August 15, 22, 29, and September 5, 2007, as set forth in plaintiff's Affidavit of Publication filed September 26, 2007.

### 3. Actual Notice

Congress has specified that in civil forfeiture actions against real property, the Government shall "serv[e] notice on the property owner, along with a copy of the complaint." 18 U.S.C. § 985(c)(1)(C).  *See also*, Local Rule A-540(a)(2) (personal service on individual having custody of the property), and (4) (personal service or by certified mail, return receipt requested, to all individuals known to have an actual interest in the property).  Supplemental Rule G provides that "[t]he notice must be sent by means reasonably calculated to reach the potential claimant."  Supp. Rule G (4)(b)(iii)(A).

The Government provided actual notice to all potential claimants in this action, specifically, Ronald and Jeanne Nortrup, Linda L. and Roy L. Gazaway, and Godfather Bail Bonds, Inc.

---

[3]  As set forth in 18 U.S.C. § 985(c)(3), "If real property has been posted in accordance with this subsection, it shall not be necessary for the court to issue an arrest warrant *in rem*, or to take any other action to establish in rem jurisdiction over the property."

1    B.  <u>Time for Filing a Claim and Answer Has Expired</u>

2    An individual asserting an interest in defendant real property may contest the forfeiture

3    action by filing a claim not later than 35 days after notice, or not later than 30 days after the final

4    publication.  Supp. Rule G(a)(ii)(A) and (B).  The claimant must file an answer to the complaint

5    within 20 days after filing the claim.  Supp. Rule G(b).  *See United States v. Real Property*, 135

6    F.3d 1312, 1317 (9th Cir. 1998) (standing to contest *in rem* civil forfeiture action dependent

7    upon compliance with filing requirements).

8    The Return Receipt for notice served on Jeanne Nortrup was signed and returned on

9    August 29, 2007, and the notice served on Ronald Nortrup was signed and returned September

10   15, 2007.  Final notice by publication was September 5, 2007.  The most extended deadline for

11   filing a claim was 35 days after notice was served on Ronald Nortrup, or Saturday, October 20,

12   2007 (the next court filing date being Monday, October 22, 2007).  To date – November 2008 –

13   neither Jeanne nor Ronald Nortrup have filed a claim or answer in this action, and the time for

14   doing so is long expired.

15   Accordingly, the Clerk's entry of default upon the titled property owners, Jeanne Nortrup

16   on December 13, 2007, and Ronald Nortrup on January 15, 2008, was proper, and this motion

17   for default judgment properly proceeds.

18   C.  <u>Entry of Default Judgment is Proper</u>

19   Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk is required to enter default

20   when the fact of default is established by affidavit or otherwise.  Fed. R. Civ. P. 55(a).  The

21   Clerk's entry of default against defendants effects their admission of the factual allegations of

22   the complaint, except those relating to the amount of damages.  Fed. R. Civ. P. 8(b)(6) ("An

23   allegation–other than one relating to the amount of damages– is admitted if a responsive

24   pleading is required and the allegation is not denied"); *Geddes v. United Financial Group*, 559

25   F.2d 557, 560 (9th Cir. 1977).

26   ////

8

1    The court finds that the well pleaded allegations of the complaint state a claim for which

2    relief can be granted.  *Anderson v. Air West*, 542 F.2d 1090, 1093 (9th Cir. 1976).  Specifically,

3    accepting as true the factual allegations of the complaint, the Government has demonstrated that

4    defendant property was used or intended to be used, in any manner or part, to commit, or to

5    facilitate the commission of, a violation of 21 U.S.C. §§ 841, *et seq.* (prohibiting the

6    manufacturing, distributing, dispensing or possessing of a controlled or counterfeit substance),

7    an offense punishable by more than one year's imprisonment, and therefore subject to forfeiture

8    to the United States pursuant to 21 U.S.C. § 881(a)(7).

9    It remains within the sound discretion of the district court to grant a default judgment

10    pursuant to Fed. R. Civ. P. 55(b).  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In

11    making this determination, the court must consider the following factors (*Eitel v. McCool*, 782

12    F.2d 1470, 1471-72 (9th Cir. 1986):

13    > (1) the possibility of prejudice to the plaintiff, (2) the merits of
14    > plaintiff's substantive claim, (3) the sufficiency of the complaint,
     > (4) the sum of money at stake in the action, (5) the possibility of a
     > dispute concerning the material facts, (6) whether the default was
15    > due to excusable neglect, and (7) the strong policy underlying the
     > Federal Rules of Civil Procedure favoring decisions on the merits.

16

17    The Government seeks a Final Judgment of Forfeiture against not only the titled owners

18    of defendant real property but all potential claimants, subject to the interests of lienholder Roy

19    Gazaway.  This is consistent with the nature of forfeiture *in rem* proceedings.  *See Hanson v.*

20    *Denckla*, 357 U.S. 235, 246, n. 12 (1958) ("A judgment *in rem* affects the interests of all persons

21    in designated property").

22    Application of the *Eitel* factors supports entry of default judgment.  All but the last factor

23    weigh in favor of plaintiff and Mr. Gazaway.  It would be prejudicial to deny plaintiff the

24    judicial resolution of its claim, and to deny Mr. Gazaway his rightful interest in defendant

25    property.

26    ////

1    Plaintiff has demonstrated the merit of its claim based on the well pled, and unopposed,

2    factual allegations of the verified complaint.  There is no possibility of a dispute concerning

3    material facts because the Nortrups, despite adequate and repeated notice, have declined the

4    opportunity to file a claim in defendant property or answer the complaint.  There is no indication

5    that the Nortrups' defaults were due to excusable neglect.  While defendant property represents a

6    significant asset, its forfeiture is warranted pursuant to federal statute and there is precedent for

7    granting the requested injunctive relief.  Only the seventh *Eitel* factor weighs against granting

8    the motion for default judgment.  However, under these circumstances – where Jeanne Nortrup

9    quitclaimed her interest in defendant property to Ronald Nortrup, and Ronald Nortrup has stated

10   he will not contest this action  – the resulting default judgment will approximate that which

11   would be achieved if this action were decided fully on its merits.  Thus, on balance, application

12   of the *Eitel* factors weighs strongly in favor of granting plaintiff's motion for entry of default

13   judgment, and will be so recommended.

14   <u>CONCLUSION</u>

15   In accordance with the foregoing findings, IT IS HEREBY RECOMMENDED that:

16   1.  Plaintiff's motion for default judgment (Dckt. No. 23) be GRANTED, thus

17   extinguishing any right, title or interest in defendant real property of potential claimants Ronald

18   D. Nortrup and Jeanne Bass Nortrup;

19   2.  That the Stipulation for Final Judgment of Forfeiture entered into between the United

20   States and lienholder, Roy L. Gazaway, filed September 12, 2007 (Dckt. No. 22) be

21   INCORPORATED herein; and

22   3.  That plaintiff's request for entry of a Final Judgment of Forfeiture be GRANTED,

23   forfeiting all right, title and interest in defendant real property to the United States, subject to the

24   interests of lienholder Roy L. Gazaway.

25   These findings and recommendations are submitted to the United States District Judge

26   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10)

10

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED:  November 13, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE